UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA TRINIDAD JAIME-SAINZ,<br><br>Defendant. | Case No. 1:16-cr-00114-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant's Motion for Ineffective Assistance of Counsel (Dkt. 79). Having reviewed the record, the Court will offer the Defendant the opportunity to withdraw the motion or consent to having it recharacterized and heard as a claim pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On May 10, 2016, the grand jury indicted Petitioner on charges of conspiracy to distribute, distribution of, and possession with intent to distribute methamphetamine. *Indictment*, Dkt. 1. On June 13, 2016, the Court appointed CJA Counsel William K. Fletcher as Petitioner's attorney and Maria Escobedo as her interpreter at her arraignment. *Minute Entry,* Dkt. 17.

On July 11, 2016, Petitioner filed a notice of intent to plead guilty to Counts One, Two, and Three of the Indictment. *Notice of Intent to Plead Guilty*, Dkt. 32. On October 17, 2016, the Court sentenced Petitioner to 210 months on each of Counts One, Two, and

Three, to be served concurrently. *Judgment*, Dkt. 72. Shortly thereafter, on October 25, 2016, Petitioner filed a direct appeal to the Ninth Circuit and requested new representation. *Notice of Appeal*, Dkt. 74. On November 3, 2016, the Court relieved William K. Fletcher as Petitioner's counsel and assigned Matthew G. Gunn to represent Petitioner on appeal. *Order Appointing CJA Counsel*, Dkt. 78. Also on November 3, 2016, while her appeal was pending, Petitioner filed the instant Motion *pro se* alleging ineffective assistance of counsel. *Motion*, Dkt. 79. On August 14, 2017, the Ninth Circuit affirmed Petitioner's conviction. *Memorandum of USCA*, Dkt, 93.

## LEGAL STANDARD

Allegations of *pro se* litigants are held to less stringent standards than a lawyer's formal pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Federal courts will sometimes recharacterize the motion of a *pro se* litigant in order to place it within a different legal category and "avoid inappropriately stringent application of formal labeling requirements." *Castro v. U.S.*, 540 U.S. 375, 381 (2003). A court should not recharacterize a motion, however, unless "the *pro se* prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents" or the court has advised the prisoner of the consequences of recharacterization, and offered her opportunity to withdraw the motion. *U.S. v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000).

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of her or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws

of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See id.* at 688, 694. In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

## ANALYSIS

Defendant filed the instant Motion for Ineffective Counsel *pro se*, in the period after judgment was entered in her case, but while still in custody in the Ada County Jail

and during the pendency of her direct appeal. *Motion*, Dkt. 79. The motion is not characterized as a motion under 28 U.S.C. § 2255, and it is not clear whether Defendant intended to file such a motion. Before the Court's may recharacterize the motion as a § 2555 motion for ineffective assistance of counsel, Defendant must be offered the opportunity to withdraw the motion or to consent to its recharacterization. *See Seesing*, 234 F.3d at 464.

As such, the Court hereby notifies Defendant that it intends to recharacterize her motion as a first motion for relief under 18 U.S.C. § 2255. Thus, any subsequent motion filed by Defendant under § 2255 shall be subject to the restrictions on "second and successive" motions under that statute. For this reason, the Court now offers Defendant the opportunity to withdraw her motion, or to amend it so that it contains all the § 2255 claims she believes she has. Should the Defendant consent to the consideration of her previous motion as her first motion under § 2255, the Court shall issue a decision on that motion forthwith. Should the Defendant choose to withdraw or amend her motion, her time to file shall run from December 13, 2017,[1] with all time between the entry of final

---

[1] The one year time limit for filing a motion under § 2255 runs from "the date upon which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the judgment became final ninety days after the Ninth Circuit entered judgment on Defendant's appeal, when the time for filing a petition for certiorari expired. Judgment was entered on Defendant's appeal on August 14, 2017, and the time for filing a petition for certiorari expired on December 13, 2017.

judgment by the Ninth Circuit and this Order having been tolled. *See Seesing*, 234 F.3d at 464 n.4.

## ORDER

**IT IS ORDERED:**

1. Defendant shall file a Notice within twenty days after this Order is mailed to her. Such Notice shall state either that Defendant consents to have her Motion [Dkt. 79] heard as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255, or that she seeks to withdraw or amend the Motion.

DATED: July 27, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge