UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA TRINIDAD JAMIE-SAINZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Criminal No.: 1:16-cr-00114-BLW-1<br>Civil No.: 1:18-cv-00346-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Brenda Trinidad Jamie-Sainz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Civ. Dkt. 1. Having reviewed and considered the § 2255 Motion and the Government's Answer to Petitioner's § 2255 Motion (Civ. Dkt. 5), the Court denies the § 2255 petition and Jamie-Sainz's request for an evidentiary hearing.

**BACKGROUND**

On May 10, 2016, Jamie-Sainz was indicted with a co-defendant for conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine. Crim. Dkt. 1. In July 2016, Jamie-Sainz pled guilty to all three counts of the Indictment without a written plea agreement. Crim. Dkt. 44.

On October 17, 2016, the Court sentenced Jamie-Sainz to 210 months of imprisonment, with Counts 1, 2, and 3 to run concurrently. Crim. Dkt. 68. While her conviction and sentence were being appealed, Jamie-Sainz filed a *pro se* Motion for Relief Due to Ineffective Assistance of Counsel. Crim. Dkt. 79. After the United States Court of Appeals for the Ninth Circuit affirmed Jamie-Sainz's conviction and sentence, the Court considered Jamie-Sainz's prior Motion for Ineffective Assistance of Counsel. Crim. Dkt. 99. The Court ordered Jamie-Sainz to either withdraw her prior motion or amend to a § 2255 petition. Crim. Dkt. 95. Instead, Jamie-Sainz submitted this Motion to Vacate Set Aside or Correct Sentence. Civ. Dkt. 1. The Court construed the filing as a Motion to Amend, which was granted. Civ. Dkt. 4. Furthermore, the Court found that Jaime-Sainz had waived attorney-client privilege by virtue of alleging ineffective assistance of counsel. Civ. Dkt. 4. The Court now considers the merits of her amended § 2255 Motion and her request for an evidentiary hearing.

## LEGAL STANDARD

1.  **Standard for 28 U.S.C. § 2255**

28 U.S.C. § 2255 provides four grounds on which a court may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). The court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254, incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing 2255. If the court does not dismiss the proceeding, the court then determines, pursuant to Rule 8, whether an evidentiary hearing is required.

2.  **Standard for Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Jamie-Sainz must show (1) that her "counsel's representation fell below an objective standard of reasonableness," and (2) that there is a "reasonable probability" that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Conclusory allegations are insufficient to state a claim of ineffective counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

When evaluating a defendant's representation, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688. The reason being that, for the defendant, "[i]t is all too tempting ... to second-guess counsel's assistance after conviction or adverse sentence...." *Id*. For the Court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986).

Both ineffective assistance of counsel and prejudice must be found before a district court will find that a conviction or sentence "'resulted from a breakdown in the adversa[ial] process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). If either element of the two-part *Strickland* test is unmet, then a defendant has not met his or her burden. When making this assessment, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry ..." *Strickland*, 466 U.S. at 697.

# ANALYSIS

1. **Trial Counsel**

Jamie-Sainz first argues that her trial counsel, William Fletcher, failed to give adequate advice regarding the Government's request for cooperation. Civ. Dkt. 1-1. Jamie-Sainz argues that with competent counsel she would have cooperated with the Government and received a two-offense level downward departure.

In response, the Government submits a declaration from Fletcher. According to Fletcher, after being arrested, Jamie-Sainz cooperated with the Government by performing a controlled buy. Civ. Dkt. 5-1, ¶ 5. In exchange for Jamie-Sainz's cooperation, the Government informed Fletcher of its intention to file a Section 5K1.1 motion asking the Court to depart downward from the guideline range. During this discussion, the Government offered to further reduce Jamie-Sainz sentence if she provided additional cooperation.

Jamie-Sainz and Fletcher disagree about who determined how Jamie-Sainz would respond to the Government's request for additional substantial assistance. According to Jamie-Sainz, she "battled with counsel concerning what she should or shouldn't say [and] … he advised her that she needed to think about the danger her family could possibly face," and the fact that additional information would be "useless." Civ. Dkt. 1-1 at 2-3. Jamie-Sainz alleges that Fletcher made these representations to her both before and after she pled guilty, despite her "not [being] reluctant in giving the government information about others upstream in the conspiracy." Civ. Dkt. 1-1 at 2.

Fletcher's account is more plausible.  According to Fletcher, he met with Jamie-Sainz on 14 different occasions.  Civ. Dkt. 5-1, ¶ 5.  On June 16, 2018, Fletcher met with Jamie-Sainz to discuss further mitigating her sentence in light of the Government's offer for an additional reduction in offense level under 5K1.1 in exchange for information on upstream suppliers.  At the meeting, Fletcher recounts that "Jamie-Sainz initially expressed reluctance towards providing any additional substantial assistance out of fear for her safety."  In response, Fletcher described potential methods of ensuring Jamie-Sainz's safety.  Civ. Dkt. 5-1, ¶ 5.  Despite this knowledge, Jamie-Sainz declined to offer additional cooperation and elected to proceed to sentencing without the benefit of the Rule 11 plea agreement.  Civ. Dkt. 5-1, ¶ 5.

As to Jamie-Sainz's claims against Fletcher, the Court determines that Jamie-Sainz's credibility can be "conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer*, 18 F.3d at 781.  Typically, defendants cooperate with the Government after being detained to obtain a reduced sentence.  The record shows that Jamie-Sainz refused to cooperate with the Government's investigation beyond her participation in the initial undercover operation on the day of her arrest.  Dkt. 5-1, ¶ 5.  Jamie-Sainz, rather than Fletcher, is responsible for her decision not to further cooperate with the Government.  Understandably, Jamie-Sainz regrets her decision to plead guilty "in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. at 702.  But Fletcher unquestionably provided sound advice.  Jamie-Sainz's claim of ineffective assistance based on Fletcher's advice regarding whether or not to cooperate is DISMISSED.

2. **Appellate Counsel**

Jamie-Sainz also alleges that her appellate counsel, Matthew Gunn, was ineffective in his assistance. Civ. Dkt. 1-1 at 1-2. She argues that Gunn should have filed an appeal based on Fletcher's failure to make an objection at sentencing to a firearm enhancement. Civ. Dkt. 1-1 at 1-2. Jamie-Sainz also argues that that Gunn failed to communicate with her after the conviction was affirmed by the Ninth Circuit. Civ. Dkt. 1-1 at 3-4. As a result, Jamie-Sainz alleges that Gunn "denied [her] the proper consultation concerning her statutory right to file a writ of certiorari to the Supreme Court." Civ. Dkt. 1-1 at 3.

### A. *Failure to Appeal the Firearms Enhancement*

Jamie-Sainz first argues that Gunn failed to appeal the two-level firearm enhancement that the Court imposed during sentencing. Jamie-Sainz argues that this issue would have entitled her to relief because (1) no evidence supported that the firearm's use was both reasonably foreseeable and in furtherance of drug trafficking activity, and (2) the trial transcript shows that the Court wrongly applied the enhancement on the basis of her knowledge that others in the house possessed guns in the "stash house." Civ. Dkt. 1-1 at 2.

Ineffective assistance of counsel claims against appellate counsel are reviewed under the *Strickland* standard. *See Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001) (citing *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989)). "Effective legal assistance" does not mean that appellate counsel must appeal every question of law or

every non-frivolous issue requested by a criminal defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To show prejudice on appeal, a petitioner must show that his or her attorney failed to raise an issue obvious from the trial record that probably would have resulted in reversal. *See Keeney*, 882 F.2d at 1434 n.9. If a petitioner does not show that an attorney's act or omission probably would have resulted in reversal, then she cannot satisfy either prong of *Strickland*: appellate counsel was not ineffective for failing to raise such an issue, and petitioner suffered no prejudice as a result of it not having been raised. *See Keeney*, 882 F.2d at 1435.

Although Jamie-Sainz believes that an appeal of the firearm enhancement would have likely resulted in a remand (Dkt. 1-1 at 2), the Court disagrees. From the record it is apparent that Gunn made a strategic decision to only raise the Section 5k1.1 issue on appeal. Civ. Dkt. 5-2 at 2. As Gunn correctly notes, the gun enhancement issue was unlikely to overcome the stringent "abuse of discretion" standard on appeal. Civ. Dkt. 5-2, ¶ 8. More importantly, the firearm enhancement is appropriate in a broad array of circumstances[1] and evidence in the record shows that it was appropriately applied in this case.

Because Jamie-Sainz has not shown that Gunn's decision not to challenge the firearm enhancement probably would likely have resulted in reversal, she cannot

---

[1] Section 2D1.1(b)(1) provides that the firearms enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 11(A).

satisfy *Strickland*. Gunn was not ineffective for failing to raise the issue, and Jamie-Sainz suffered no prejudice as a result of it not having been raised. *See Miller*, 882 F.2d at 1435. The Court therefore DIMISESSES Jamie-Sainz's claim of ineffective assistance of counsel based on Gunn's failure to challenge the application of the firearm enhancement.

### B. *Failure to File for Writ of Certiorari*

Jamie-Sainz next alleges that "[a]fter her direct appeal was affirmed, she heard nothing more from counsel, nor did she know of the next stage in the process." Civ. Dkt. 1-1 at 3. Because Gunn failed to properly advise her of "her statutory right to file," Jamie-Sainz argues, "she was denied an entire judicial proceeding [*i.e.*, the chance to seek a writ of certiorari from the Supreme Court]."

Again, Gunn sets forth a starkly different set of facts in his affidavit. Additionally, Gunn and the Government produce three letters from Gunn to Jamie-Sainz disproving her version of what transpired. The first, dated August 14, 2017, shows that after her appeal concluded, Gunn forwarded Jamie-Sainz a copy of the Ninth Circuit's decision and informed her that:

> This resolves your outstanding appeal. You do have a right to file a request that your case be heard by the Supreme Court. However, based upon the [Ninth Circuit's] opinion, you would not meet with any success if you were to move forward or seek further review. … If you have question or concerns regarding this letter or your case, please contact me…

Civ. Dkt. 5-3. Jamie-Sainz did have questions or concerns after receiving the letter and responded on August 17, 2017. Civ. Dkt. 5-4; Civ. Dkt. 5-5. She assured Gunn that she

had thoroughly read the letter and thanked him for his hard work. Civ. Dkt. 5-4. Next, she posed questions concerning Fletcher's conduct before and at sentencing, asking if there were any additional motions she could file. Civ. Dkt. 5-4. Gunn responded on August 25, 2017. Civ. Dkt. 5-5. He informed Jamie-Sainz that his appointment only covered her appeal. Civ. Dkt. 5-5. But he also notified her that she could raise issues with her former attorney's conduct by filing a civil action. Civ. Dkt. 5-5.

Based on Gunn's affidavit and the letters produced therewith, it is clear that Jamie-Sainz was informed of her right to file a petition for a writ of certiorari. The Court DISMISSES Jamie-Sainz's claim of ineffective assistance of counsel based on Gunn's alleged failure to advise her of the right to seek a writ of certiorari.

### 3. Trial and Appellate Counsel's Failure to Argue for Merger

Jamie-Sainz also argues that both Fletcher and Gunn failed to take issue with the Court not merging Count 2 (drug distribution) and Count 3 (possession with intent to distribute) of the Indictment at sentencing. Civ. Dkt. 1-1; Civ. Dkt. 1-2. The Government correctly notes that merger was impossible in this case. *See Blockburger v. United States,* 284 U.S. 299, 303-304 (1932) (holding that narcotics sales on successive days constitute separate offenses, and that a single narcotics sale on one day supports two counts where the elements of the offenses differ). Furthermore, both Fletcher and Gunn note that even if they had successfully argued for merger, Jamie-Sainz would still have received effectively the same sentence because the Court ordered that all three sentences run concurrently. Civ. Dkt. 5-1, ¶ 6; Civ. Dkt. 5-2, ¶ 7. Accordingly, the Court

DISMISSES Jamie-Sainz's ineffective assistance claims based on her trial and appellate counsel's failure to argue for merger. Because the Court has dismissed all allegations in her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, the Court does not proceed to a determination under Rule 8 of whether an evidentiary hearing is required.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006). After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

## ORDER

In light of the foregoing, it is hereby **ORDERED**:

1. Jamie-Sainz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Civ. Dkt. 1) and (Crim. Dkt. 96) is **DENIED**.

2. Jamie-Sainz's request for an evidentiary hearing is **DENIED**.

3. **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE.**

Jamie-Sainz is advised that she may still request a certificate of appealability from the Ninth Circuit, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, she must file a timely notice of appeal.

4. If Jamie-Sainz files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit. The district court's file in this case is available for review online at www.id.uscourts.gov.

5. The Clerk of the Court will close case number 1:18-cv-00346.

DATED: March 15, 2019

B. Lynn Winmill
United States District Judge